OPINION OF THE COURT
Virginia Knaplund, J.
Defendant was given a ticket on June 21, 1993 for allegedly violating section 1128 (d) of the Vehicle and Traffic Law. A trial was held on September 22, 1993, and decision was reserved.
The People and defendant stipulated to the following facts:
1. The incident occurred on Spencer Place in the Village of Scarsdale;
2. Spencer Place has two or more lanes marked by a double-yellow line;
3. Defendant was the driver of the car ticketed;
4. Defendant made a left turn across the double-yellow line and into a diagonal parking place;
*45 5. Parking spaces are not part of the highway.*
Defendant argues that Vehicle and Traffic Law §§ 1126 and 1128 must be read together in order to give consistent and rational interpretation to the laws. Since section 1126 (b) permits a left turn where the driver is entering or leaving a highway, defendant argues that section 1128 (d), which applies "in addition to all others consistent herewith” cannot be used against her because it is inconsistent with section 1126.
The People argue that section 1126 does not apply, and that section 1128 stands alone, without being inconsistent with section 1126.
The court agrees with the People that defendant violated section 1128 (d) of the Vehicle and Traffic Law. The answer is to be found in the precise and different use of the terms "highway” and "roadway”.
Section 118 of the Vehicle and Traffic Law defines "highway” as follows:
"§ 118. Highway
"The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.”
Section 140 of the Vehicle and Traffic Law defines "roadway” as follows:
"§ 140. Roadway
"That portion of a highway improved, designed, marked, or ordinarily used for vehicular travel, exclusive of the shoulder and slope. In the event a highway includes two or more separate roadways the term 'roadway’ as used herein shall refer to any such roadway separately but not to all such roadways collectively.”
From the above it is clear that defendant was not leaving a highway, but was attempting to leave a roadway (i.e., that part of the highway used for vehicular traffic) to go into the parking area of the highway. Therefore, section 1126 would not apply, and exists separately from section 1128.
The Appellate Term has interpreted section 1126 (a) to apply only to motorists who drive to the left of a solid double-yellow line. In People v D’Agostino, the court said: "we con *46 strue [section 1126 (a)] as prohibiting a motorist from driving to the left of a solid double yellow line while proceeding in the same direction as traffic which would be properly driving to the right of said line.” (NYU, Apr. 26,1985, at 15, cols 5-6.)
Defendant was not driving forward into oncoming traffic (§ 1126 [a]), nor was she leaving the highway (§ 1126 [b]).
Defendant was crossing markings indicating hazardous conditions, exactly as set forth in section 1128 (d). It is noteworthy that the Legislature used the term "driving” when wishing to prohibit a car from proceeding into oncoming traffic on the wrong side of the double-yellow line, and "crossing” when wishing to prohibit a car from making a turn across the double-yellow line. Since the provisions of section 1128 are distinctly different than, and not inconsistent with, the provisions of section 1126, the rules of section 1128 apply.
The court finds defendant guilty of violating section 1128 (d) of the Vehicle and Traffic Law, and directs defendant to submit her conviction stub so that a fine can be set.

 Although both sides stipulated that parking spaces are not part of the highway, it is clear from reading the definitions of "highway” and "roadway” that parking spaces, though not part of the roadway, are part of the highway. (See, Vehicle and Traffic Law §§ 118,140.)